UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GB CAPITAL HOLDINGS, LLC,<br>a California Limited Liability<br>Company,<br><br>         Plaintiff,<br><br>v.<br><br>S/V GLORI B, a 1977 Sailing Vessel of Approximately 27-Feet in Length, U.S.C.G. Official No. 598405 and All of Her Engines, Tackle Accessories, Furnishings and Appurtenances, in rem,<br><br>         Defendant. | Case No.: 18cv312-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the motion to dismiss filed by Jeffrey G. Heston. (ECF No. 21).

**I. PROCEDURAL BACKGROUND**

  On February 2, 2018, Plaintiff GB Capital Holdings, LLC, as the agent of San Diego Mooring Company, initiated this action by filing a verified Complaint. (ECF No. 1). Jeffrey G. Heston, proceeding pro se, filed a Statement of Interested Parties stating "I,

Jeffrey G. Heston, am the sole owner of the Sailing Vessel 'Glori B', document number 598405 and herein-named Defendant in this matter before this Court." (ECF No. 16).

On April 10, 2018, an arrest warrant for the Defendant sailboat was issued, and Pier 32 Marina was appointed as substitute custodian. (ECF No. 6).

On May 24, 2018, Heston filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (ECF No. 21). On June 15, 2018, GB Capital filed a response. (ECF No. 24).

## II. ALLEGATIONS OF THE COMPLAINT

GB Capital seeks in rem relief against the vessel for breach of maritime contract, trespass, and quantum meruit. GB Capital alleges this Court has jurisdiction pursuant to 28 U.S.C. § 1331(1), and the Commercial Instruments and Maritime Lien Act at 46 U.S.C. §§ 31301 et seq. (ECF No. 1 at 1–2, 9–10). GB Capital alleges that San Diego Mooring Company (SDMC) supplied the Defendant sailboat a berth in San Diego Bay. *Id.* at 2. GB Capital alleges that under the moorage contract, the vessel must undergo an annual safety inspection. *Id.* at 2–3. GB Capital alleges that the owner of the boat, Heston, declined the inspection. *Id.* at 3–4. GB Capital alleges that SDMC ordered Heston to remove the boat, and that Heston refused. *Id.*

GB Capital alleges that the boat was towed to an impound location on March 25, 2016 and has not been retrieved. *Id.* at 4, 8. GB Capital alleges that Heston "has repeated and consistently refused to submit his claims for resolution in binding arbitration," as ordered in the prior litigation. *Id.* at 7–8. GB Capital alleges that Heston has declined GB Capital's repeated offers to waive its claims against Heston and the vessel if Heston "simply retrieves and relocates his vessel." *Id.* GB Capital alleges damages of $55,728.51 in accrued wharfage fees and other costs as of February 7, 2018. *Id.* at 9.

## III. THE PRIOR ACTION

On April 15, 2016, Heston sued GB Capital under admiralty and maritime jurisdiction to recover possession of the vessel and damages. *Heston v. GB Capital Holdings, LLC*, Civ. No. 16cv912.

On July 1, 2016, GB Capital filed a motion to compel arbitration. Heston did not file a response. On August 23, 2016, the Court ordered arbitration as to the moorage contract.

On September 13, 2016, Heston filed a motion for relief from the Court's August 23, 2016 Order, pursuant to Federal Rule of Civil Procedure 60(b)(1)–(3). On December 15, 2016, the Court denied Heston's motion for relief from judgment.

On October 23, 2017, Heston filed a second motion for relief from the Court's August 23, 2016 Order, on various grounds, including that the "Maritime Contract for Private Wharfage" is not cognizable in admiralty. On January 5, 2018, the Court denied Heston's motion for relief.

On January 26, 2018, Heston filed a notice of appeal. On August 21, 2018, the Court of Appeals for the Ninth Circuit concluded this Court did not abuse discretion by denying relief from the August 23, 2016 Order. On September 4, 2018, Heston filed a petition for panel rehearing and petition for rehearing en banc with the Court of Appeals.

## IV. APPLICABLE STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiffs have the burden to establish that the court has subject matter jurisdiction over an action. *Assoc. of Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000). Federal courts have limited jurisdiction, and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

A jurisdictional attack pursuant to Rule 12(b)(1) may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the

allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack on subject matter jurisdiction, the court assumes the factual allegations of the complaint to be true and draws all reasonable inferences in favor of the plaintiff. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

In a federal court, subject matter jurisdiction may arise from either "federal question jurisdiction" or "diversity jurisdiction." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. §§ 1331–32. To invoke federal question jurisdiction, the complaint must allege that the "action[ ] aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quotation marks omitted) (quoting *Caterpillar*, 482 U.S. at 392).

## V. CONTENTIONS OF THE PARTIES

Heston contends that the Court lacks jurisdiction in this case because of the appeal from the prior case. (ECF No. 21 at 4–5). Heston asserts that the Court of Appeals will determine whether the moorage contract is a maritime contract, and that this Court lacks jurisdiction to decide a question before the Court of Appeals. *Id.*

GB Capital contends that the appeal from the previous case does not prohibit this Court from considering the nature of the moorage contract. *Id.* at 4–5. GB Capital asserts that existing legal precedent establishes that contracts for wharfage services are maritime contracts, which properly support in rem jurisdiction. *Id.* at 5–6. GB Capital contends no legal authority supports Heston's theory that the moorage contact is not a maritime contract. *Id.* at 9. GB Capital asserts that Heston's appeal from the previous case is unrelated to whether the moorage contract is a maritime contract. *Id.* at 7–9. GB Capital asserts that Heston failed to file a timely notice of appeal for issues regarding the nature of the moorage contract, waiving arguments over the nature of the moorage contract. *Id.* GB

Capital asserts that Heston timely appealed this Court's denial of Heston's second motion for relief under Fed. R. Civ. P. 60(b), and that the only issue before the Court of Appeals is whether that denial was an abuse of discretion. *Id.* at 9.

## VI. DISCUSSION

Federal courts exercise admiralty jurisdiction under the Constitution and congressional statute. U.S. Const. art. III, §2, cl. 1; 28 U.S.C. § 1333(1); *see also Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 305 F.3d 913, 918 (9th Cir. 2002) (observing "the Constitution fixed only the original jurisdiction of the Supreme Court, however, Congress remains free to mold the scope of the federal courts' admiralty jurisdiction as it pleases, and it does so from time to time," as for the Death on the High Seas Act and the Maritime Lien Act).

A maritime contract supports admiralty jurisdiction under § 1331 if the nature and character of the contract have "reference to maritime service or maritime transactions." *Ali v. Rogers*, 780 F.3d 1229, 1235 (9th Cir. 2015) (quoting *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24 (2004)). Contracts for wharfage are within admiralty jurisdiction under § 1331 "if wharfage is provided to a specific vessel." *Royal Ins. Co. of America v. Pier 39 Ltd. P'ship*, 738 F.2d 1035, 1037 (9th Cir. 1984) (citing *Ex Parte Easton*, 95 U.S. 68 (1877)). Federal courts have exclusive jurisdiction over in rem actions in admiralty under § 1331. *Ventura Packers*, 305 F.3d at 916–17 n.1.

Under the Maritime Lien Act, admiralty jurisdiction is also proper for disputes regarding "the provision of necessaries," which are "defined as 'repairs, supplies, towage, and the use of a dry dock or marine railway.'" *Id.* at 922–23 (citing 46 U.S.C. § 31301(4)) ("If a plaintiff demonstrates that he (1) provided necessaries (2) to a vessel (3) on the order of the owner or a person authorized by the owner, then he may bring a civil action in rem to a federal district court sitting in admiralty.").

GB Capital alleges that Heston owns the Defendant vessel, and that Heston entered a moorage contract with SDMC. GB Capital alleges that GB Capital incurred costs to move and moor the Defendant vessel when Heston did not do so. The Court of Appeals

5

18cv312-WQH-AGS

has issued no orders related to the nature of the moorage contract at issue in this case. The requirements of admiralty jurisdiction are satisfied. The Court has subject matter jurisdiction in this case.

**VII. CONCLUSION**

IT IS HEREBY ORDERED that Heston's Motion to Dismiss (ECF No. 21) is denied.

Dated: November 29, 2018

Hon. William Q. Hayes
United States District Court