UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GB CAPITAL HOLDINGS, LLC, a California Limited Liability Company,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>S/V GLORI B, a 1977 Sailing Vessel of Approximately 27-Feet in Length, U.S.C.G. Official No. 598405 and All of Her Engines, Tackle Accessories, Furnishings and Appurtenances, in rem,<br><br>　　　　　　　　　　Defendant. | Case No.: 18cv312-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

　　The matter before the Court is the Motion to Dismiss filed by Plaintiff GB Capital Holdings, LLC. (ECF No. 55).

## I.　PROCEDURAL BACKGROUND

　　On February 2, 2018, Plaintiff GB Capital Holdings, LLC, as the agent of San Diego Mooring Company, initiated this action by filing a verified Complaint. (ECF No. 1). Jeffrey G. Heston, proceeding pro se, filed a Statement of Interested Parties stating "I,

Jeffrey G. Heston, am the sole owner of the Sailing Vessel 'Glori B', document number 598405 and herein-named Defendant in this matter before this Court." (ECF No. 16).

On April 10, 2018, an arrest warrant for the Defendant Vessel was issued, and Pier 32 Marina was appointed as substitute custodian. (ECF No. 6).

On November 29, 2018, the Court denied a motion to dismiss filed by Heston. (ECF No. 25).

On December 21, 2018, Heston filed an Answer to the Complaint. (ECF No. 28). The Answer "enters a general denial of lack of jurisdiction and . . . submits an affirmative defense of res judicata to all allegations made in the Complaint." *Id.* at 1. The Answer states that there is no evidence of a maritime lien in this case, and "begs the Court to release the vessel from her bonds, order the Plaintiff to restore her taken value, and return to the contracted status quo prior to the resolution of this controversy." (ECF No. 28).

On January 22, 2019, the Court issued an Order granting GB Capital's motion for interlocutory vessel sale and credit bid. (ECF No. 32).

On January 24, 2019, Heston filed a notice of appeal as to the January 22, 2019 Order. (ECF No. 33).

On February 25, 2019, the Court denied a motion to stay and a motion to strike filed by Heston. (ECF No. 46).

On February 26, 2019, the Court of Appeals declined to stay this Court's January 22, 2019 Order pending appeal. (ECF No. 48).

On February 27, 2019, GB Capital purchased the Defendant Vessel on a credit bid of $6,000 at the auction held by the U.S. Marshal. (ECF No. 54).

On June 6, 2019, GB Capital filed the Motion to Dismiss. (ECF No. 55).

On June 23, 2019, Heston filed a response opposing the Motion. (ECF No. 56).

On July 3, 2019, GB Capital filed a reply supporting the Motion. (ECF No. 57).

II.     **FACTUAL BACKGROUND**

In the verified Complaint, GB Capital alleges that San Diego Mooring Company (SDMC) supplied the Defendant Vessel, "a 1977 Sailing Vessel of Approximately 27-Feet

2

18cv312-WQH-AGS

in Length, U.S.C.G. Official No. 598405," a berth in San Diego Bay. (ECF No. 1 at 1–2). GB Capital alleges that under the moorage contract, the vessel must undergo an annual safety inspection. *Id.* at 2–3. GB Capital alleges that the owner of the boat, Heston, declined the inspection. *Id.* at 3–4. GB Capital alleges that SDMC ordered Heston to remove the boat, and that Heston refused. *Id.*

GB Capital alleges that the Defendant Vessel was towed to an impound location on March 25, 2016 and has not been retrieved. *Id.* at 4, 8. GB Capital alleges that Heston "has repeated and consistently refused to submit his claims for resolution in binding arbitration," as ordered in a prior litigation. *Id.* at 7–8. GB Capital alleges that Heston has declined GB Capital's repeated offers to waive its claims against Heston and the vessel if Heston "simply retrieves and relocates his vessel." *Id.* GB Capital seeks in rem relief against the vessel for breach of maritime contract, trespass, and quantum meruit. GB Capital alleges damages of $55,728.51 in accrued wharfage fees and other costs as of February 7, 2018. *Id.* at 9.

## III. THE PRIOR LITIGATION

On April 15, 2016, Heston sued GB Capital under admiralty and maritime jurisdiction to recover possession of the vessel and damages. *Heston v. GB Capital Holdings, LLC*, Civ. No. 16cv912.

On July 1, 2016, GB Capital filed a motion to compel arbitration. Heston did not file a response. On August 23, 2016, the Court ordered arbitration as to the moorage contract.

On September 13, 2016, Heston filed a motion for relief from the Court's August 23, 2016 Order, pursuant to Federal Rule of Civil Procedure 60(b)(1)–(3). On December 15, 2016, the Court denied Heston's motion for relief from judgment.

On October 23, 2017, Heston filed a second motion for relief from the Court's August 23, 2016 Order, on various grounds, including that the "Maritime Contract for Private Wharfage" is not cognizable in admiralty. On January 5, 2018, the Court denied Heston's motion for relief.

On January 26, 2018, Heston filed a notice of appeal. On August 21, 2018, the Court of Appeals for the Ninth Circuit concluded this Court did not abuse discretion by denying relief from the August 23, 2016 Order. On September 4, 2018, Heston filed a petition for panel rehearing and petition for rehearing en banc with the Court of Appeals. On January 3, 2019, the Court of Appeals denied the petition for rehearing en banc.

## IV. DISCUSSION

Plaintiff GB Capital moves for dismissal of this action with prejudice under Rule 41(a)(2) because "[t]here [is] no reason in law or logic to further maintain the action at bar" and there would be no plain legal prejudice to the non-movant. (ECF No. 55-2 at 6). GB Capital asserts that the Defendant Vessel was sold and that pursuing entry of a judgment against the Defendant Vessel "would serve no legitimate purpose." *Id.* at 5. GB Capital asserts that Heston is not a named Defendant in this action and did not respond to GB Capital's requests to stipulate to dismissal.

Heston contends the Court should not dismiss this action because the Court allowed this action to proceed, which vacates the order compelling arbitration in the previous action, *Heston v. GB Capital Holdings, LLC*, Civ. No. 16cv912. Heston contends that the Defendant Vessel has a right to trial under the Fifth and Fourteenth Amendments. Heston asserts that "the Defendant and her interested parties were made to stand quietly patient while the Court engaged in rote procedure to the favor of the Plaintiff GB Capital." (ECF No. 56 ¶ 1). Heston asserts that the "Defendant Vessel and her interested parties have stated compulsory counterclaims" against GB Capital and that the Defendant Vessel moves to sever the alleged counterclaims from this matter. *Id.* ¶ 2.

After the opposing party has served an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," unless there is "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a). "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court . . . ." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "A district court should

grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). *Smith* provides:

> [L]egal prejudice means prejudice to some legal interest, some legal claim, some legal argument. . . . [U]ncertainty because a dispute remains unresolved or because the threat of future litigation causes uncertainty does not result in plain legal prejudice. . . . Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal.

*Id.* at 976 (quotations and alterations omitted).

Supplemental Admiralty and Maritime Claims Rule E(9)(a) of the Federal Rules of Civil Procedure states,

> On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold--with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court--if:
> (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
> (B) the expense of keeping the property is excessive or disproportionate; or
> (C) there is an unreasonable delay in securing release of the property.

Fed. R. Civ. P., Supp. Adm. R. E(9)(a)(i). "The interlocutory sale of a vessel is not a deprivation of property but rather a necessary substitution of the proceeds of the sale, with all of the constitutional safeguards necessitated by the in rem process." *Ferrous Fin. Servs. Co. v. O/S Arctic Producer*, 567 F. Supp. 400, 401 (W.D. Wash. 1983). When a vessel is "released and other security substituted" in an in rem proceeding, "the owner bears no personal liability," "[t]he vessel is sold solely to satisfy the lien," and "[if]f the proceeds of the sale are inadequate, there is no liability on the owner's part for the residue." *Belcher Co. of Ala. v. M/V Maratha Mariner*, 724 F.2d 1161, 1165 (5th Cir. 1984). The following provision of the local admiralty rules applies after an interlocutory vessel sale:

> At the conclusion of the [interlocutory vessel] sale, the marshal must forthwith file a written report to the judge of the fact of sale, the price obtained and the name and address of the buyer. The clerk of the district court must endorse

> upon such report the time and date of its filing. If within three days, exclusive of Saturdays, Sundays, and legal holidays, no written objection is filed, the sale will stand confirmed as of course, without the necessity of any affirmative action thereon by a judge . . . . A party filing an opposition to the sale, whether seeking the reception of a higher bid or a new public sale by the marshal, must give prompt notice to all other parties and to the purchaser. Such party must also, prior to filing an opposition, secure the marshal's endorsement upon it acknowledging deposit with the marshal of the necessary expense of keeping the property for at least five days. Pending the judge's determination of the opposition, such party must also advance any further expense at such times and in such amounts as the marshal will request, or as a judge orders upon application of the marshal or the opposing party. Such expense may later be subject to taxation as costs. In the event of failure to make such advance, the opposition must fail without necessity for affirmative action thereon by a judge. If the opposition fails, the expense of keeping the property during its pendency must be borne by the party filing the opposition.

S.D. Cal. Civ. R. E.1(e)(2).

In this case, the record reflects no written objection to the report of the sale filed by the U.S. Marshal on April 2, 2019. (ECF Nos. 49–51). The sale stands "confirmed as of course, without the necessity of any affirmative action thereon by a judge." *See* S.D. Cal. E.1(e)(2). Heston's ownership of the Defendant Vessel terminated upon confirmation of sale. The Defendant Vessel was purchased on a credit bid of $6,000 at the interlocutory sale, which is less than the $55,728.51 maritime lien alleged in the verified complaint. GB Capital states that it seeks no further remedy from the Defendant Vessel. GB Capital seeks no remedy in this in rem action from Heston, who is not alleged to be personally liable and appears only to litigate on behalf of the Defendant Vessel. *See Belcher,* 724 F.2d at 1165. The record reflects no counterclaims made by the Defendant Vessel against GB Capital. The record demonstrates that the Defendant Vessel would suffer no "plain legal prejudice" from the dismissal of this action. *See Hamilton*, 679 F.2d at 145; *see also Elf-Man, LLC v. Lamberson*, No. 13-CV-0395-TOR, 2014 WL 12634827, at *1 (E.D. Wash. July 10, 2014) ("[B]ecause Elf-Man moves to dismiss its claims with prejudice, the court finds that there is no plain legal prejudice to Lamberson.").

GB Capital, the plaintiff in this action, requests that the Court dismiss this action with prejudice. The Court finds that dismissal with prejudice is appropriate in this case. *See Smith*, 263 F.3d at 976 (dismissing plaintiff's federal law causes of action with prejudice on plaintiff's motion for voluntary dismissal under Rule 41(a)(2) was not an abuse of discretion); *see also Elf-Man*, No. 13-CV-0395-TOR, 2014 WL 12634827, at *1–2 (granting plaintiff's motion to dismiss plaintiff's claims with prejudice).

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 55) filed by Plaintiff GB Capital Holdings, LLC is GRANTED and this action is dismissed with prejudice.

Dated: August 2, 2019

Hon. William Q. Hayes
United States District Court